# SUMMONS IN A CIVIL ACTION - COURT OF COMMON PLEAS, CUYAHOGA COUNTY JUSTICE CENTER
### CLEVELAND, OHIO 44113

| CASE NO. | | SUMMONS NO. |
|---|---|---|
| CV21946219 | D2 CM | 44152555 |

Rule 4 (B) Ohio

Rules of Civil
Procedure

|  |  |
|---|---|
| JUAN RAMIREZ | PLAINTIFF |
| VS | |
| JAY DEE CONTRACTORS, INC., ET AL | DEFENDANT |

## SUMMONS

MICHAEL WASAG
C/O JAY DEE CONTRACTORS
C/O STAT. AGENT THOMAS S. DIPONIO
38777 SCHOOLCRAFT ROAD

LIVONIA MI 48150

You have been named defendant in a sums complaint (copy attached hereto) filed in Cuyahoga County Court of Common Pleas, Cuyahoga County Justice Center, Cleveland, Ohio 44113, by the plaintiff named herein.

You are hereby summoned and required to answer the complaint within 28 days after service of this summons upon you, exclusive of the day of service.

**Said answer is required to be served on:**



Said answer is required to be served on Plaintiff's Attorney (Address denoted by arrow at left.)

Plaintiff's Attorney

BRIAN D SPITZ
25200 CHAGRIN BOULEVARD, SUITE 200

BEACHWOOD, OH 44122-0000

Your answer must also be filed with the court within 3 days after service of said answer on plaintiff's attorney.

If you fail to do so, judgment by default will be rendered against you for the relief demanded in the complaint.

**Case has been assigned to Judge:**

HOLLIE L GALLAGHER
Do not contact judge. Judge's name is given for attorney's reference only.

NAILAH K. BYRD
Clerk of the Court of Common Pleas

| DATE SENT |
|---|
| Apr 13, 2021 |

By_____
Deputy

COMPLAINT FILED   04/12/2021



CMSN130

**EXHIBIT A - Summons and Complaint**



### NAILAH K. BYRD
### CUYAHOGA COUNTY CLERK OF COURTS
1200 Ontario Street
Cleveland, Ohio 44113

## Court of Common Pleas

### New Case Electronically Filed: COMPLAINT
### April 12, 2021 12:38

By: ANGELA RODRIGUEZ 0074432

Confirmation Nbr. 2225859

JUAN RAMIREZ

    vs.

JAY DEE CONTRACTORS, INC., ET AL

CV 21 946219

**Judge:**  HOLLIE L. GALLAGHER

Pages Filed:  9

## IN THE COURT OF COMMON PLEAS
## CUYAHOGA COUNTY, OHIO

| | | |
|---|---|---|
| JUAN RAMIREZ<br>10521 MOORBERRY LANE<br>HOUSTON, TEXAS 77043 | ) ) ) ) | CASE NO.<br><br>JUDGE |
| Plaintiff, | ) ) | |
| v. | ) ) | **COMPLAINT FOR DAMAGES**<br>**AND INJUNCTIVE RELIEF** |
| JAY DEE CONTRACTORS, INC.<br>c/o Statutory Agent Thomas S. Diponio<br>38777 Schoolcraft Road<br>Livonia, Michigan 48150 | ) ) ) ) ) | **JURY DEMAND ENDORSED**<br>**HEREIN** |
| -and- | ) ) | |
| MICHAEL WASAG<br>c/o Jay Dee Contractors<br>Statutory Agent Thomas S. Diponio<br>38777 Schoolcraft Road<br>Livonia, Michigan 48150 | ) ) ) ) ) ) | |
| Defendants. | ) | |

Plaintiff, Juan Ramirez, by and through undersigned counsel, as his Complaint against

Defendants Jay Dee Contractors, Inc. ("Jay Dee"), and Michael Wasag, states and avers the

following:

### PARTIES AND VENUE

1.  Ramirez is a resident of the City of Houston, County of Harris, State of Texas.

2.  At all times herein, Ramirez was acting in the course and scope of his employment.

3.  Jay Dee Contractors, Inc. is a foreign corporation that is contracted to do business at 5800

    Memorial Shoreway, Cleveland, Ohio 44102.

4.  Jay Dee is and, at all times herein, was an employer within the meaning of R.C. § 4112.01 *et*

    *seq.*

The Employee's Attorney.™



5. In or around August Upon information and belief, Wasag is a resident of the state of Ohio.

6. At all times herein, Wasag was acting in the course and scope of his employment.

7. Wasag is and, at all times hereinafter mentioned, was an individual who was a manager and/or supervisor at Jay Dee and who acted directly or indirectly in the interest of Jay Dee in relation to its employees, and is an employer within the meaning of R.C. § 4112.01 *et seq.*

8. All of the material events alleged in this Complaint occurred in Cuyahoga County, Ohio.

9. Personal jurisdiction is proper over Defendants pursuant to R.C. § 2307.382(A)(1), (2), (3) and (4).

10. Venue is proper pursuant to Civ. R. 3(C)(3) and (6).

11. This Court is a court of general jurisdiction over the claims presented herein, including all subject matters of this Complaint.

## FACTS

12. Ramirez is a former employee of Jay Dee.

13. In 2009, Ramirez began working for Jay Dee.

14. Ramirez worked for Jay Dee on a periodic basis as positions on projects became available.

15. Ramirez was hired by Jay Dee in June 2019 to work on the Westerly Storage Tunnel project (The Project") located in Cleveland, Ohio.

16. Jay Dee had a contract with the Northeast Ohio Regional Sewed District ("NEORSD") to engage in construction.

17. Jay Dee employed Ramirez as a laborer.

18. Ramirez was employed as a tunnel miner.

19. At all times herein, Ramirez was qualified for the position of laborer.

20. At all times herein, Ramirez was qualified for the position of tunnel miner.



21. At all times herein, Ramirez was able to perform his assigned job duties with or without reasonable accommodation.

22. In August 2019, Ramirez had a seizure while at work.

23. Prior to August 2019, Ramirez had no history of seizures.

24. Ramirez sought medical treatment.

25. Ramirez returned to work a few days after his seizure.

26. Wasag is a Safety Manager at Jay Dee.

27. Upon Ramirez's return, Wasag placed Ramirez on light duty work.

28. Ramirez was subsequently diagnosed with epilepsy ("Ramirez's Condition.")

29. Ramirez was given restrictions on is work by his doctor.

30. Ramirez's doctor did not permit Ramirez to operate heavy machinery.

31. As part of Ramirez's duties as laborer and tunnel miner, Ramirez did not operate heavy machinery.

32. In the alternative, as part of Ramirez's duties as laborer and tunnel miner, operating heavy machinery was not an essential function of Ramirez's position as laborer and tunnel miner.

33. As part of his doctor's restrictions, Ramirez was still permitted to operate machinery that was an essential function of his job.

34. As part of his doctor's restrictions, Ramirez was still permitted to operate cutting saws and blow torches.

35. Ramirez's doctor did not permit Ramirez to operate climb ladders.

36. As part of Ramirez's duties as laborer and tunnel miner, Ramirez did not frequently climb ladders.



37. In the alternative, as part of Ramirez's duties as laborer and tunnel miner, climbing ladders was not an essential function of Ramirez's position as laborer and tunnel miner.

38. In or about August or September 2019, Ramirez informed Defendants about Ramirez's Condition.

39. Ramirez 's Conditions constitute a physical and/or mental impairment.

40. Ramirez 's Conditions significantly limit him in one or more major life activities.

41. Ramirez has a record of physical and/or mental impairment.

42. Defendants were advised of Ramirez's Condition.

43. In the alternative, Defendants perceived Ramirez as disabled.

44. Ramirez is disabled within the meaning of R.C. § 4112.01 *et seq.*

45. In or about August or September 2020, Ramirez asked Wasag to assign him to laborer duties that did not involve heights or operating heavy machinery due to Ramirez 's Conditions ("Request for Accommodation").

46. Defendants permitted Ramirez to be assigned laborer duties that did not involve heights or operating heavy machinery until approximately February 2020.

47. Defendants refused to permit Ramirez to be assigned laborer duties that did not involve heights or operating heavy machinery.

48. The Request for Accommodation was reasonable.

49. Defendants could have granted the Request for Accommodation without undue burden on the company.

50. Defendants denied the Request for Accommodation.

51. Defendants did not engage in the interactive process to determine whether a reasonable accommodation was available.



52. Defendants' denial of the Request for Accommodation was an adverse employment action.

53. Ramirez opposed the denial of the Request for Accommodation.

54. On or about February 4, 2020, Wasag told Ramirez that Ramirez was being laid off due to Ramirez's inability to work at heights and Ramirez's inability to operate heavy machinery.

55. On or about February 4, 2020, Defendants terminated Ramirez 's employment ("Termination").

56. The Termination was an adverse action.

57. The Termination was an adverse employment action.

58. Defendants stated reason for termination was pretext for disability discrimination.

59. Upon information and belief, Defendants permitted similarly-situated, non-disabled employees accommodations that did not involve operating heavy machinery or working on ladders.

60. On or about February 4, 2020, Defendants terminated Ramirez 's employment because of his disability.

61. On or about February 4, 2020, Defendants terminated Ramirez 's employment because of his perceived disability.

62. On or about February 4, 2020, Defendants terminated Ramirez 's employment because of his request for accommodations.

63. As a direct and proximate result of Defendants' conduct, Ramirez suffered and will continue to suffer damages, including economic and emotional distress damages.



## COUNT I: DISABILITY DISCRIMINATION IN VIOLATION OF R.C. § 4112.01 *et seq.*

64. Ramirez restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

65. Ramirez informed Defendants of his disabling condition.

66. Ramirez requested accommodations from Defendants to assist with his disabilities.

67. Ramirez's requested accommodations were reasonable.

68. There was an accommodation available that would have been effective and would have not posed an undue hardship to Defendants.

69. Defendants failed to engage in the interactive process of determining whether Ramirez needed an accommodation.

70. Defendants failed to provide an accommodation.

71. Defendants treated Ramirez differently than other similarly-situated employees based on his disabling condition.

72. Defendants treated Ramirez differently than other similarly-situated employees based on his perceived disabling condition.

73. Defendants treated Ramirez differently than other similarly-situated employees based on his request for accommodation.

74. On or about February 4, 2020, Defendants terminated Ramirez's employment without just cause.

75. Defendants terminated Ramirez's employment based on his disability.

76. Defendants terminated Ramirez's employment based on his perceived disability.

77. Defendants terminated Ramirez's employment based on his request for accommodations.

78. Defendants violated R.C. § 4112.02 when they discharged Ramirez based on his disability.



79. Defendants violated R.C. § 4112.02 when they discharged Ramirez based on his perceived disability.

80. Defendants violated R.C. § 4112.02 when they discharged Ramirez based on his request for accommodations.

81. Defendants violated R.C. § 4112.02 by discriminating against Ramirez based on his disabling condition.

82. Defendants violated R.C. § 4112.02 by discriminating against Ramirez based on his perceived disabling condition.

83. Defendants violated R.C. § 4112.02 by discriminating against Ramirez based on his request for accommodations.

84. As a direct and proximate result of Defendants' conduct, Ramirez suffered and will continue to suffer damages, including economic, emotional distress, and physical sickness damages.

## COUNT II: UNLAWFUL AIDING, ABETTING, AND INCITING OF DISCRIMINATION

### (Defendant Wasag only)

85. Ramirez restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

86. Pursuant to R.C. § 4112.02(J), it is unlawful "[f]or any person to aid, abet, incite, compel, or coerce the doing of any act declared by this section to be an unlawful discriminatory practice..."

87. Wasag aided, abetted, incited, coerced, and/or compelled Jay Dee's discriminatory termination of Ramirez.

88. Wasag aided, abetted, incited, coerced, and/or compelled Jay Dee's discriminatory treatment of Ramirez.



89. Wasag violated R.C. § 4112.02(J) and § 4112.99 by aiding, abetting, and inciting discrimination.

90. As a direct and proximate result of Wasag's conduct, Ramirez has suffered and will continue to suffer damages, including economic and emotional distress damages.

## **DEMAND FOR RELIEF**

WHEREFORE, Plaintiff Ramirez respectfully requests that this Honorable Court grant the following relief:

(a) Issue an order requiring Defendants retroactively to restore Ramirez to one of the positions to which he was entitled by virtue of his application and qualifications, and expunge his personnel file of all negative documentation;

(b) An award against Defendants of compensatory and monetary damages to compensate Ramirez for physical injury, physical sickness, lost wages, emotional distress, and other consequential damages, in an amount in excess of $25,000 per claim to be proven at trial;

(c) An award of punitive damages against Defendants in an amount in excess of $25,000;

(d) An award of reasonable attorneys' fees and non-taxable costs for Ramirez 's claims as allowable under law;

(e) An award of the taxable costs of this action; and

(f) An award of such other relief as this Court may deem necessary and proper.

Respectfully submitted,
*/s/Angela Rodriguez*
Angela Rodriguez (0074432)
Brian D. Spitz (0068816)
THE SPITZ LAW FIRM, LLC
25200 Chagrin Boulevard, Suite 200
Beachwood, OH 44122
Phone: (216) 291-4744
Fax:   (216) 291-5744
Email: angela.rodriguez@spitzlawfirm.com
brian.spitz@spitzlawfirm.com



## JURY DEMAND

Plaintiff Juan Ramirez demands a trial by jury by the maximum number of jurors permitted.

Respectfully submitted,

*/s/Angela Rodriguez*
Angela Rodriguez (0074432)
Brian D. Spitz (0068816)
**THE SPITZ LAW FIRM, LLC**

The Employee's Attorney.™

